# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SHANDA BLACKSTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br><br>　　　　Defendant. | No. CV 06-2029 AGR<br><br>MEMORANDUM OPINION AND ORDER |

　　　　Plaintiff Shanda Blackston ("Blackston") filed a First Amended Complaint on September 19, 2006.  On March 13, 2007, the case was transferred to Magistrate Judge Alicia G. Rosenberg.  Pursuant to 28 U.S.C. § 636(c), the parties filed Consents to proceed before Magistrate Judge Rosenberg on March 22, 2007, and March 30, 2007.  The parties filed a Joint Stipulation on March 7, 2007, that addresses the disputed issues in the case.  The Commissioner filed the certified administrative record ("AR").  The Court has taken the Joint Stipulation under submission without oral argument.

　　　　Having reviewed the entire file, the Court concludes that the decision of the Commissioner is affirmed.

///

# I.

# PROCEDURAL BACKGROUND

On April 27, 2004, Blackston filed an application for Supplemental Security Income benefits. A.R. 54-68. The Commissioner denied the application initially and upon reconsideration. A.R. 35-39, 41-46. Blackston requested a hearing on March 17, 2005. A.R. 47. The Administrative Law Judge ("ALJ") conducted a hearing on October 13, 2005. A.R. 180-97. On October 20, 2005, the ALJ issued a decision denying benefits. A.R. 24-32. The ALJ concluded that Blackston "was not under a 'disability,' as defined in the Social Security Act, at any time through the date of this decision." *Id.* at 32 (citation omitted).

Blackston filed a request for review of the ALJ decision. A.R. 22. On February 6, 2006, the Appeals Council denied the request for review. A.R. 3-5.

# II.

# STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. *Moncada*, 60 F.3d at 523.

///

# III.

# **EVALUATION OF DISABILITY**

At the time of the hearing before the ALJ, Blackston was 36 years old, which is defined in the regulations as a younger individual. A.R. 30; 20 C.F.R. § 416.963. The ALJ found that Blackston has "moderate asthma, but it is not well controlled." A.R. 28. The ALJ found that Blackston "should avoid exposure to respiratory irritants." *Id.* at 31.

Giving Blackston the benefit of the doubt, the ALJ also found that she has "some left arm weakness" after treatment for a glass laceration to her left upper arm on November 10, 2003. *Id.* at 28, 31. At the physical examination conducted at the request of the Disability Determination Service (DDS), Dr. Lin noted that Blackston "was uncooperative with the examination of her left upper extremity, failed to give adequate effort in strength testing, and had give away weakness of her left upper extremity." *Id.* at 28; see *id.* at 149-50.

Blackston contends that the ALJ erred in (1) asking a hypothetical question to the vocational expert that did not contain all of the important limitations; and (2) not fully and fairly developing the administrative record.

For the reasons set forth below, the Court disagrees and affirms the ALJ.

## A. **The Hypothetical Questions to the Vocational Expert**

The ALJ may rely on testimony a vocational expert gives in response to a hypothetical that contains "all of the limitations that the ALJ found credible and supported by substantial evidence in the record." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005). The ALJ is not required to include limitations that are not in his findings. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).

The ALJ posed the following hypothetical question to the vocational expert:

> Q: For purposes of the claimant's potential entry level work, assume the claimant is 36 years old, 12th grade education, capable of performing medium work including standing or

> walking six hours out of eight hours, sit six hours out of eight hours, avoid concentrated exposure to fumes, odors, chemicals, gases and dust. What jobs would be available?

A.R. 192. In response, the vocational expert identified entry level jobs in the medium, light and sedentary categories consistent with the Dictionary of Occupational Titles (DOT). *Id.* at 192-94.

Blackston contends that the ALJ's phrase, "avoid concentrated exposure to fumes, odors, chemicals, gases and dust," does not sufficiently describe the limitations set forth in the ALJ's decision.

The Court finds that the ALJ's hypothetical question adequately accounted for Blackston's limitations. The ALJ made a specific finding that Blackston "should avoid exposure to respiratory irritants." *Id.* at 31. Although the phrase "avoid concentrated exposure to fumes, odors, chemicals, gases and dust" does not use the identical words, it adequately conveys the substance of the limitation found by the ALJ.[1]

Blackston has not cited any case that requires the Court to parse the ALJ's words further. The cases cited by Blackston are clearly inapplicable. In *Edlund v. Massanari*, No. 99-35555, 2001 U.S. App. LEXIS 17960 (9th Cir. 2001), the ALJ erred in determining that the claimant did not have a severe mental impairment at step 2. *Id.* at *19-*22. This holding necessarily invalidated the ALJ's hypothetical to the vocational expert, which failed to include the mental impairment that the ALJ found not to exist. *Id.* at *23. Similarly, in *Embrey v. Bowen*, 849 F.2d 418 (9th Cir. 1988), the ALJ erred in rejecting the claimant's treating orthopedist's opinion that the claimant was "permanently disabled" from his orthopedic conditions. *Id.* at 422. This holding necessarily invalidated the ALJ's hypothetical to the vocational expert, which did not

---

[1] The ALJ's finding was supported by substantial evidence, including Dr. Lin's report that Blackston's pulmonary function testing was consistent with "moderate persistent asthma," her lungs were clear, and she had no wheezing or crackles but had a "mildly prolonged expiratory phase." A.R. 150, 152, 163.

include the orthopedic impairment that the ALJ found not to exist. *Id.* at 422-23. These cases are inapplicable because it is undisputed that the ALJ identified asthma as a severe impairment at step 2 and included that impairment in the hypothetical question to the vocational expert.

Moreover, any error in the ALJ's choice of words is harmless. *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993). Use of the words "should avoid exposure to respiratory irritants" would not have affected the vocational expert's conclusion that, notwithstanding her breathing limitations, Blackston could perform a significant number of jobs in the economy. Blackston does not dispute that the vocational expert identified two examples of jobs which, according to the DOT's descriptions, do not require any exposure to weather, cold, heat, wetness, humidity, atmospheric conditions, hazards, toxic chemicals or other environmental conditions which might exacerbate Blackston's asthma. *See* DOT, Box-Truck Washer, Code 529.687-018 (describing these conditions as "Not Present – Activity or condition does not exist"); Box Bender, Code 641.687-010 (same).

The ALJ found that Blackston "has the residual functional capacity to perform a significant range of medium work." A.R. 32. "Using Medical-Vocational Rule 203.28 as a framework for decision-making, there are a significant number of jobs in the national economy that she could perform."[2] *Id.* The ALJ's conclusion is supported by substantial evidence in the record. A.R. 148-52, 191-94.

### B. ALJ's Development of the Record

An ALJ must develop the record only if the evidence is ambiguous or "the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir.

---

[2] In the first step, the ALJ found that during the relevant period Blackston did not engage in substantial gainful activity. A.R. 31. At step two, the ALJ found that Rose suffered from the severe impairments of asthma and potential left arm residual dysfunction. *Id.* At step three, the ALJ found that Rose did not meet or equal a listing. *Id.*

2001).  This principle does not, however, allow a claimant to shift her own burden of proving disability to the ALJ.  *Mayes,* 276 F.3d at 459.

Blackston concedes that she does not qualify for a listed respiratory impairment based on pulmonary function studies in the record.[3]  However, Blackston argues that the regulations permit proof of disability based on insufficient blood gas exchange (Listing 3.02(C)) and, therefore, the ALJ should have ordered arterial blood gas studies (ABGS) in order to determine whether Blackston might be disabled on that basis.

Blackston improperly seeks to shift her burden of proving disability to the ALJ.  *Mayes*, 276 F.3d at 459 (quoting 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require")).  The ALJ has no duty to develop the record in order to diagnose whether Blackston has a disability on a basis that is not contained in the record.  *See id.* at 459-60.

Here, the evidence was neither ambiguous nor inadequate to allow for proper evaluation of the evidence.  Blackston did not meet a listed respiratory impairment based on pulmonary function testing paid for by the Commissioner in conjunction with the consultative examination and the uncontradicted expert medical opinions in the record.  Dr. Lin did not find the medical record ambiguous and did not recommend that additional tests be done.  A.R. 151-52, 154.  Dr. Tanasescu and Dr. Sodon both opined that Blackston's breathing impairment did not meet or equal a listed impairment and did

---

[3]  In general, pulmonary function tests measure forced vital capacity (FVC), the volume of air expelled from the lungs with forceful and rapid expiration after maximum inspiration, and forced expiratory volume (FEV), the volume of air exhaled during FVC during a specified period of time.  These measures are compared to predicted values based on the height and weight of the individual to determine the severity of respiratory disease.

Blackston's value – FEV1 of 1.72 – is not close to Listing 3.02(a), which requires an FEV1 of 1.35 or less.  A.R. 154.  The Commissioner notes, and Blackston does not dispute, that even if Blackston were six inches taller, she still would not meet the listing of 1.65 or less applicable to a person 6 feet tall.  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 3.02(A)(2).  Although Blackston argues she might meet the listing for cystic fibrosis, there is no suggestion in the record that she has ever been diagnosed with cystic fibrosis.

not indicate that the medical record was ambiguous or inadequate to allow for proper evaluation. A.R. 33-34. Blackston's treating physicians did not render an opinion as to disability and did not conduct or recommend ABGS studies.

Where, as here, not one physician indicates that the medical record is ambiguous or inadequate, the ALJ does not have a duty to further develop the record. *Compare Tonapetyan*, 242 F.3d at 1150 (physician found it "difficult to say" whether medical record was complete enough, stated he would "have to see more evidence" before rendering an opinion, and testified a more complete report would change his opinion).

Blackston does not argue that the evidence was ambiguous or inadequate. Rather, Blackston argues that the ALJ had a duty to search for evidence that might show a disability on some basis not in the record. Blackston's argument is completely speculative and unsupported.

## IV.

## **CONCLUSION**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: June 8, 2007

/s/
ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE